IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER DANNY CEASAR, III

    Petitioner,      No. CIV S-10-0392 GGH P

    vs.

KENNETH CLARK,

    Respondent.      ORDER

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner challenges herein his 2006 conviction and sentence for second degree robbery (3 counts); assault with a semi-automatic firearm (1 count); assault with a firearm (1 count); evading a peace officer (1 count); being a felon in possession of a firearm (1 count) for which he was sentenced to a consecutive term of 55 years and 8 months. Petition, p. 1.

\\\\\

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner sets forth various grounds within his petition that appear to have been exhausted within his direct appeal; however, petitioner also lists various ineffective assistance of counsel claims, as well as a trial court error and prosecutorial misconduct claim, all claims which he makes plain have not been exhausted by stating that his state appellate court petition was filed on January 29, 2010, and is still pending. Id., at 4.[2]

Petitioner must make clear whether he is seeking to proceed only upon those claims which he apparently exhausted on his direct appeal, or whether he is seeking a stay in order to exhaust the claims he has pending in the state courts at this time. Although he lists the claims he still has pending, he also only appears to be arguing in support of those claims that have been exhausted on his direct appeal; thus, petitioner's filing can be construed as a petition containing exhausted claims only. If petitioner seeks a stay of an exhausted-claims-only petition, he may wish to make a request for a stay pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Petitioner is cautioned, however, that if he uses the Kelly procedure, he "will be able to amend his unexhausted claims back into his

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] The court notes that petitioner, confusingly, includes a memorandum which he refers to as his "traverse," indicating that it is his response to the answer which the court gave petitioner thirty days to file following the answer. See Memorandum, p. 1. However, the instant petition is an initial filing; thus, there has been no court order prior to this one and no answer yet filed.

federal petition once he has exhausted them only if those claims are determined to be timely." King, supra, 564 F.3d at 1140-41.

If petitioner wishes the petition to be construed as a mixed petition of both exhausted and unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

Petitioner must file briefing within twenty-eight days addressing how he wishes to proceed. If he wishes to proceed on an exhausted-claims-only petition, then once his claims now pending in state court have been exhausted, he could only proceed on those new claims in a successive petition for which petitioner would have to first obtain permission from the Ninth Circuit before proceeding. If he wishes to proceed on a mixed petition, he must file a motion for a stay addressing the Rhines factors, identifying both the exhausted and unexhausted claims. In the alternative, petitioner may proceed with a stay request as outlined in King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Petitioner shall file briefing within twenty-eight days, as described above, addressing how he wishes to proceed in this matter.

DATED: March 5, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
ceas0392.fb