IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER DANNY CEASAR, III

    Petitioner,                         No. CIV S-10-0392 GGH P

    vs.

KENNETH CLARK,

    Respondent.                      ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has consented to the jurisdiction of the undersigned and, as yet, respondent has not been served with the petition.

        By order filed on March 5, 2010, the undersigned noted that petitioner challenges his 2006 conviction and sentence for second degree robbery (3 counts); assault with a semi-automatic firearm (1 count); assault with a firearm (1 count); evading a peace officer (1 count); being a felon in possession of a firearm (1 count) for which he was sentenced to a consecutive term of 55 years and 8 months.

        Petitioner was also informed that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. §

2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

In the instant petition, petitioner has set forth the following claims: 1) reversal required because court did not instruct on the meaning of "semi-automatic"; 2) trial court error in not instructing jury on assault with a firearm as a lesser included offense of assault with a semi-automatic firearm; 3) punishment may not be imposed on both counts 1 and 2 where petitioner did not have result in count 2 as an objective; 4) petitioner's aggravated sentence and imposition of midterm sentences on count II and enhancement must be reversed in light of Cunningham v. California [549 U.S. 270, 127 S. Ct. 856 (2007]; 5) when petitioner was sentenced consecutively based on facts not proven to a jury, court acted beyond its jurisdiction denying him his constitutional right to jury trial; 6) court's finding of independent purposes in counts 1 and 5 such that Cal. Penal Code § 654 did not apply violated petitioner's right to a jury trial and due process in that facts were not found true by a jury and beyond a reasonable doubt.  Petition, pp. 2-3, 18-46.

These are the specific claims that the court was referencing in observing previously that various claims of the petition appeared to have been exhausted within his direct appeal.  However, as was also noted, petitioner had listed various ineffective assistance of counsel claims, as well as a trial court error and prosecutorial misconduct claim, all claims which he made plain had not been exhausted by stating that his state appellate court petition was filed

\\\\\

\\\\\

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

1   on January 29, 2010, and was still pending. Id., at 4.[2]

2   In the March 5, 2010, order petitioner was directed to file further briefing making
3   clear whether he is seeking to proceed only upon those claims which he apparently exhausted on
4   his direct appeal, or whether he is seeking a stay in order to exhaust the claims he has pending in
5   the state courts at this time. The court also noted, that although petitioner had listed the claims
6   he still has pending, he only appeared to provide argument in support of those claims that have
7   been exhausted on his direct appeal and thus, petitioner's filing could be construed as a petition
8   containing exhausted claims only.

9   Petitioner was asked to inform the court whether he sought a stay of an exhausted-
10  claims-only petition, pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v.
11  Small, 315 F.3d 1063 (9th Cir. 2003)). He was cautioned that to use the Kelly procedure, he
12  faced the risk of being unable to amend to add his unexhausted claims, once exhausted, back into
13  his federal petition, should those claims be found to be untimely. King, supra, 564 F.3d at 1140-
14  41.

15  Petitioner was also informed of what would need to be shown in order to seek a
16  stay of a petition construed to be a mixed petition of both exhausted and unexhausted claims,
17  pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). In his response, petitioner
18  has elected to proceed with a stay request as outlined in King v.Ryan, 564 F.3d 1133 (citing
19  Kelly v. Small, 315 F.3d 1063).

20  Accordingly, IT IS HEREBY ORDERED that:

21  1. Petitioner's request for a stay of this petition, construed to be one of exhausted-
22  claims-only, is granted pursuant to the stay procedure of King/Kelly, and the Clerk of the Court

---

[2] The court has noted that petitioner, confusingly, includes a memorandum which he refers to as his "traverse," indicating that it is his response to the answer which the court gave petitioner thirty days to file following the answer. See Petition, p. 17. However, the instant petition is an initial filing and the petition has not yet been served, nor any answer yet directed to be filed. Possibly, although petitioner speaks of his federal writ of habeas corpus, this document was part of the briefing of petitioner's state court appeal.

1  is directed to administratively close this case; and

2          2. Upon state court exhaustion of petitioner's unexhausted claims, petitioner should immediately inform the court by filing a motion to lift the stay and for leave to amend his petition along with an amended petition containing both his previously exhausted and his newly exhausted claims.

DATED: May 27, 2010                    /s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:009
ceas0392.sta