IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER DANNY CEASAR, III

       Petitioner,                  No. CIV S-10-0392 JAM GGH P

    vs.

KATHLEEN ALLISON,[1]            FINDINGS AND RECOMMENDATIONS

       Respondent.

_____/

Introduction

         Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.[2] Pending before the court is respondent's motion to dismiss to which petitioner filed his opposition following this court's order to show cause. In 2006, petitioner was convicted of multiple counts of second degree robbery and assault with a firearm as well as of evading a peace officer and being a felon in possession of a firearm and sentenced to a term of 55 years and eight months, the jury having found true petitioner had suffered a prior serious felony conviction and that the robbery and assault counts were committed with the use of a firearm. Motion to

---

[1] Respondent has informed the court that the current Acting Warden of the California Substance Abuse Treatment Facility (CSTF) is Kathleen Allison and not Kenneth Clark. In accordance with Fed. R. Civ. P. 25(d), Kathleen Allison is substituted in as respondent.

[2] This case proceeds on the amended petition at docket # 15, filed on January 14, 2011, with the first twelve pages stricken pursuant to the order at docket # 16, filed on January 24, 2011.

Dismiss, p. 2, Lodged Documents 1 (Abstracts of Judgment) & 2 (Third District Court of Appeal Opinion).

Petitioner enumerates thirteen (13) grounds, including claims (1, 5, 6 & 7) of ineffective assistance of appellate counsel; claims (2, 3 & 4) of ineffective assistance of trial counsel; claim (8) assault conviction with semi-automatic firearm must be reversed because due process was violated when trial court did not instruct jury on meaning of "semi-automatic"; claim (9) trial court error in failing to instruct jury on assault with a firearm as a lesser included offense of assault with a semi-automatic firearm; claim (10) punishment may not be imposed as to both counts 1 and 2; claim (11) <u>Cunningham v. California</u>[3] requires reversal of petitioner's aggravated sentence; claim (12) court acted in excess of its jurisdiction in imposing consecutive sentences not based on facts proven to a jury; claim (13) court's finding of independent purposes for counts 2 and 5 such that Cal. Penal Code § 654 did not apply violated petitioner's right to a jury trial and due process. Amended Petition, pp. 23-108.

<u>Motion to Dismiss</u>

Respondent moves to dismiss the amended petition on grounds of untimeliness. Motion to Dismiss (MTD), pp. 1-5.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] 549 U.S. 270, 127 S. Ct. 856 (2007).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Following the May 5, 2006, sentencing petitioner appealed, and on April 8, 2008 (nearly two years after imposition of a sentence of 55 years and eight months), the Third District Court of Appeal modified the sentence to 53 years and eight months. MTD, p. 2, Lodged Documents (Lod. Docs.) 1 (abstracts of judgment) & 2 (Third District Court of Appeal decision). When petitioner sought review in the California Supreme Court on May 14, 2008, review was denied on July 9, 2008, without prejudice to any relief to which petitioner might be entitled following the United States Supreme Court decision Oregon v. Ice,[4] No. 07-901. Id., Lod. Docs. 3 (Petition for Review) & 4 (California Supreme Court denial). Petitioner filed a petition for writ of certiorari in the U.S. Supreme Court on September 25, 2008, which was denied on January 21, 2009. Id., Lod. Docs. 5 (Petition for Writ of Cert) & 6 (docket sheet showing USSC denial of petition for writ of cert).

As respondent observes, the time for seeking direct review came to an end upon denial of the petition for writ of certiorari. MTD, p. 4, citing Giesberg v. Cockrell, 288 F.3d 268 (5th Cir. 2002); United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000). See also, e.g., United States v. Seegers, 271 F.3d 181 (4th Cir. 2001); Horton v. United States, 244 F.3d 546, 551 (7th Cir. 2001); United States v. Willis, 202 F.3d 1279, 1281 (10th Cir. 2000). In addition, a Ninth

---

[4] Respondent does not reference this case further. On January 14, 2009, the high court held, in Oregon v. Ice, 555 U.S. 160, 129 S. Ct. 711, 718 (2009), that the Sixth Amendment does not reserve only to juries the imposition of consecutive rather than concurrent sentences; "[t]here is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused." Thus, this court concludes that petitioner would not have proceeded on any subsequent claim based on the decision in Ice.

3

Circuit panel has found, in an unpublished decision, that a state prisoner's conviction and sentence became final on the date the United States Supreme court denied petitioner's writ of cert. at the end of his direct appeal. Trudeau v. Runnels, 2011 WL 317588 *1 (9th Cir. 2011).[5] In a published Ninth Circuit case, the following, inter alia, is quoted:

> "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."

Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001), quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied , 525 U.S. 1187, 119 S.Ct. 1133 (1999)[emphasis added]. Therefore, as respondent observes (MTD, p. 4), the one-year AEDPA limitations period commenced running the next day, on January 22, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Fed. R. Civ. P. 6(a). Thus, absent applicable tolling, the federal petition was due on January 21, 2010.

According to respondent, petitioner filed three state court habeas petitions:

The first petition was filed in Sacramento County Superior Court on October 8, 2009,[6] and denied on November 18, 2009, citing In re Robbins, 18 Cal.4th 770, 811-812, 812 fn. 32 (1998); In re Clark, 5 Cal. 4th 750, 774-775 (1993). MTD, p. 2, Lod. Docs. 7 (Superior Court

---

[5] Ninth Circuit Rule 36-3, in accordance with Fed. R. App. P. 32.1, permits citation to unpublished dispositions and orders issued on or after January 1, 2007. However, such rulings "are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." Ninth Circuit Rule 36-3(a).

[6] Respondent notes that petitioner has been afforded application of the mailbox rule with respect to the filing of his state habeas corpus petitions. MTD, p. 3, fn. 2, citing Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. See also, Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).


habeas petition) & 8 (Superior Court denial order).

The second petition was filed in the Third District Court of Appeal on January 26, 2010, and denied on February 18, 2010. Id., Lod. Docs. 9 (Third District Court of Appeal petition) & 10 (state appellate card postcard denial).

The third petition was filed in the state Supreme Court on February 28, 2010, and denied on October 20, 2010. Id. at 3, Lod. Docs. 11 (Petition to state Supreme Court) & 12 (docket sheet showing state Supreme Court denial).

Under the AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations in the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414, 125 S.Ct. at 1812.

In denying petitioner's initial habeas petition, the state superior court was explicit in finding the claims barred by Robbins/Clark. See Lod. Doc. 8. While the court went on to discuss the merits after expressly finding the petition untimely to clarify that each would be denied even if not barred, it is clear the merits were reached only to establish that petitioner's filing did not meet any exception entitling him to review. See id. Respondent is therefore

1  correct in asserting that petitioner's first habeas petition could not have tolled the statutory
2  limitations period. MTD, p. 4, citing, inter alia, Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.
3  2005) (petition denied as untimely is not properly filed and cannot toll the AEDPA limitations
4  period). In light of the subsequent summary denials, the court must look to the analysis of the
5  last reasoned decision, which is the state superior court denial based on untimeliness. Ylst v.
6  Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991). Petitioner's argument in his opposition
7  that California's rule barring habeas review of habeas claims following a substantial delay is
8  inadequate attempts to undermine the efficacy of the state court decision in the context of an
9  inapposite argument against a procedural bar. Opposition (Opp.), pp. 2-5. Nor is petitioner's
10 argument availing that somehow week-ends and holidays are intended to be outside the one-year
11 AEDPA statutory limitation period. Opp., pp. 5-7. Petitioner is not entitled to tolling for any of
12 the period of filing his state court petitions because he did comply with the state courts'
13 timeliness filing requirements even though, ironically, he commenced filing his habeas petitions
14 technically within the one-year period following the conclusion of his direct appeal under
15 AEDPA. Nevertheless, because his state court petitions were never properly filed, the petitioner
16 is not entitled to any statutory tolling. Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814.

17         This action is stamped as having been originally filed in this court on February 16,
18 2010. Respondent contends that even with application of the mailbox rule, although the petition
19 is signed and dated January 10, 2010, because the prison mail log shows that the petition was not
20 delivered to prison officials for mailing at that time, it was not filed, at the earliest, until February
21 3, 2010, the date noted in the mail log as the date of petitioner's outgoing mail to this court. Id.
22 at 3, fn.3 & at 5 & Lod. Doc. 13 (CSATF[7] outgoing mail log for petitioner from January 2010 to
23 March 2010). Based on the evidence of the mail log, therefore, the undersigned finds that the
24 original petition was filed on February 3, 2010, pursuant to the mailbox rule. See footnote 6.

---

26     [7] California Substance Abuse Treatment Facility.

As respondent is correct that petitioner is not entitled to statutory tolling for any of his state court habeas petitions, his petition was untimely by thirteen (13) days, or nearly two weeks.

The Supreme Court last year held "like all 11 Courts of Appeals that have considered the question...that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

\\\\\
\\\\\
\\\\\

Petitioner evidently perceived no need to make any argument for equitable tolling. Therefore, he has not met his burden or provided any basis for the court to consider such a question.[8]  Respondent's motion to dismiss should be granted.

Accordingly, IT IS ORDERED that the Clerk of the Court substitute Kathleen Allison in place of Kenneth Clark as respondent in this action.

IT IS HEREBY RECOMMENDED that respondent's February 22, 2011 (docket # 19), motion for this action to be dismissed as barred by the one-year AEDPA statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
ceas0392.mtd

---

[8] Nevertheless, the court did consider the possibility that petitioner may have viewed the determination of the state supreme court leaving open the possibility of a renewal of a petition based on Oregon v. Ice as a reason to equitably toll the federal limitations period while petitioner was awaiting this decision.  However, Oregon v. Ice was decided on January 14, 2009, *even before the federal statute of limitations had commenced in this case.*  Therefore, there is no reason to toll on this basis.