1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WALTER DANNY CEASAR, III,

11            Petitioner,                    No. 2:10-cv-0392 JAM GGH P

12       vs.

13   KATHLEEN ALLISON,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            This habeas corpus action was dismissed on August 10, 2011, as barred by the one

17   year AEDPA statute of limitations, and judgment was entered.  Petitioner thereafter filed an

18   appeal, and on November 29, 2012, the Ninth Circuit Court of Appeals denied petitioner's

19   request for a certificate of appealability.  On December 14, 2012, petitioner filed a "motion for

20   reconsideration."  Respondent has filed an opposition, to which petitioner has filed a reply.  The

21   court will construe the motion for reconsideration as a motion pursuant to Fed. R. Civ. P. 60(b).[1]

22   \\\\\

23   \\\\\

24

25   _____

26        [1] If considered made under Fed. R. Civ. 59(e), the result of this order would be the same.

Under Rule 60(b)[2], a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed. See United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980). The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the

---

[2]The undersigned simply designates the motion as one under Rule 60(b), but only Rule 60(b)(6) realistically applies to the present motion. The first three subsections of Rule 60 (b) would be time barred, and subsections 4 and 5 are inapposite.

1  court to reverse its prior decision." Westlands Water Dist., 134 F.Supp.2d at 1131 (internal

2  citations omitted).

3          Petitioner, by his motion, attempts to raise equitable tolling due to denial of access

4  to the law library based on prison lockdowns.  Petitioner did not raise equitable tolling in

5  opposition to the motion to dismiss, and raised this argument for the first time in his objections,

6  which were considered by the district court.  Petitioner has failed to present evidence of fraud,

7  mistake, or newly discovered evidence which would warrant relief from judgment.  In fact,

8  petitioner has submitted the same exact documentation he previously submitted with his

9  objections.  Furthermore, the Court of Appeals has denied petitioner's request for a Certificate of

10  Appealability.

11          Petitioner in essentially recapitulating what the court has already considered has

12  failed in his motion to do more than disagree with the court's ruling.  U.S. v. Westlands Water

13  Dist., 134 F.Supp.2d at 1131.  The motion for reconsideration, cast as a Rule 60(b) motion

14  should be denied.

15          Accordingly, IT IS RECOMMENDED that: Petitioner's motion for

16  reconsideration, filed December 14, 2012 (dkt. no. 42), construed as a motion pursuant to Rule

17  60(b)[6], be denied.

18          These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

20  fourteen (14) days after being served with these findings and recommendations, any party may

21  file written objections with the court and serve a copy on all parties.  Such a document should be

22  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

23  objections shall be served and filed within seven (7) days after service of the objections.  The

24  \\\\\

25  \\\\\

26  \\\\\

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: March 6, 2013

4

5                                        /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

6

7  GGH:076/Ceas0392.60b.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26